UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
WESTCON GROUP, INC. NKA, WESTCON-
COMSTOR AMERICAS, A DIVISION OF        **OPINION AND ORDER**
SYNNES CORPORATION,

                             Plaintiff,        No. 19-CV-02303 (PMH)

v.

CCC TECHNOLOGIES, INC., et al.,

                             Defendants.
--------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

On September 12, 2022, by Memorandum Opinion and Order the Court granted in part Westcon Group, Inc.'s ("Plaintiff") motion for summary judgment and granted the motion for summary judgment filed by CCC Technologies, Inc. ("CCC"), Venus E. Rodriguez ("Mrs. Rodriguez"), Juan R. Rodriguez ("Mr. Rodriguez"), James Poull ("Mr. Poull"), and Gerri Poull ("Mrs. Poull") (Mr. Rodriguez, Mrs. Rodriguez, and Mrs. Poull, collectively, the "Individual Defendants," and with CCC, "Defendants"). (Doc. 92, "Prior Order").[1] Summary judgment was granted to Plaintiff on liability only as to its breach of contract claim. (*Id.*) Plaintiff's conversion claim as well as its claims pressed against the Individual Defendants were dismissed. (*Id.*). On October 12, 2022, Plaintiff moved under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 for reconsideration of the Prior Order to the extent it granted Defendants' motion for summary judgment. (Doc. 94). Defendants opposed the motion. (Doc. 95).

For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

---

[1] The Prior Order is also available through commercial databases. *Westcon Grp., Inc. v. CCC Techs., Inc.*, No. 19-CV-02303, 2022 WL 4134578 (S.D.N.Y. Sept. 12, 2022). For ease of reference however, the Court will cite herein to the version on the public docket.

## STANDARD OF REVIEW

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-02543, 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-02463, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)). Reconsideration of a court's order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

The movant must demonstrate that the Court overlooked "controlling decisions or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Generally, a party seeking reconsideration must show either 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 14-CV-10116, 2020 WL 4699043, at *1 (S.D.N.Y. Aug. 12, 2020) (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701-02 (S.D.N.Y. 2011)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *Polsby v. St. Martin's Press, Inc.*, No. 97-CV-00690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the Court."). "Therefore, a motion for reconsideration should be denied if the moving party merely

offers substantially the same arguments he offered on the original motion." *Premium Sports Inc. v. Connell*, No. 10-CV-03753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (cleaned up). Motions for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). The decision of whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## ANALYSIS

Plaintiff argues that material issues of fact remain as to Plaintiff's ability to enforce the guarantees against the Individual Defendants, and that failure to grant reconsideration will result in manifest injustice to Plaintiff because Plaintiff does not believe it can enforce a judgment against CCC.

Plaintiff pressed its breach of contract claim against the Individual Defendants through the personal guarantees that they signed. (Prior Order at 10). After considering the parties' arguments and evidence offered, the Court explained in the Prior Order that the guarantees were made "to induce WGNA to enter into the attached credit application and Terms and Conditions of Sale" but that "Plaintiff is not referenced in the guarantees; WGNA is not a party to this litigation nor defined in the guarantees; WGNA is not referenced in the September 4, 2015 computer reseller agreement; and there is no credit application agreement annexed to the guarantees." (*Id.*). Indeed, the Court forecasted this issue specifically—whether *this* Plaintiff was legally the party referenced in the personal guarantees—at the pre-motion conference in this case on August 5, 2021. (*Id.*). Nonetheless, on Plaintiff's motion for summary judgment and in opposition to Defendants'

motion, the evidence presented established that Plaintiff has no right to recovery against the Individual Defendants on those guarantees. (*Id*. at 10-11).

Plaintiff now argues that the Court should have drawn "reasonable inferences . . . in Plaintiff's favor; namely, that Plaintiff – Westcon Group, Inc. – could very well be directly related to WGNA – Westcon Group North America." (Doc. 94 at 10). Supporting this speculative and conclusory argument is Plaintiff's counsel's message to the Court that it should "[r]est assured, evidence of this relationship exists and will be brought forward prior to trial." (*Id*.). For Plaintiff to suggest that proof will be "brought forward" on the guarantees at trial, when discovery is over, summary judgment motions have been adjudicated, and a trial date for damages has been set, is a non-starter. Plaintiff was to have laid bare its proof on the guarantees at the summary judgment stage and failed to do so. Plaintiff's time to prove that a genuine issue of material fact existed on the guarantees has come and gone. Additionally, Plaintiff is merely offering the same arguments made on the original motion and seeking to relitigate that which the Court has already thoroughly considered and rejected. Plaintiff has not met its burden to demonstrate that the Court overlooked controlling decisions or factual matters that had been previously put before it with respect to the guarantees.

Plaintiff further argues that, without the guarantees, any judgment against CCC, the sole remaining defendant in this case, would represent a manifest injustice to the Plaintiff because Plaintiff questions the collectability of any such potential judgment against CCC as that entity is no longer in business. Plaintiff cites no caselaw to support its contention that a lack of collectability of a potential judgment not yet entered constitutes a manifest injustice in the context of a reconsideration motion. "Manifest injustice" in this context "is defined as 'an error committed by the trial court that is direct, obvious, and observable.'" *Dejesus v. Malloy*, 582 F. Supp. 3d 82, 85

(W.D.N.Y. 2022) (quoting *Corpac v. Rubin & Rothman*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013)). As previously explained, Plaintiff has not identified any error committed by this Court. That counsel is dissatisfied with the Court's ruling is simply not a basis for reconsideration. Because Plaintiff has failed to raise any intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or the need to prevent manifest injustice, the motion for reconsideration of the Prior Order is DENIED.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for reconsideration (Doc. 94) is DENIED.

All deadlines set forth in the Prior Order remain in place. (Prior Order at 11-12.)

SO ORDERED:

Dated: White Plains, New York
      February 16, 2023

_____
Philip M. Halpern
United States District Judge